ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 6, 2009

The Honorable Armando G. Barrera
79th Judicial District Attorney
Post Office Drawer 3157
Alice, Texas 78333

Opinion No. GA-0735

Re: Authority of a county bail bond board to assess a fee to bail bond companies to recover the cost of employing a bail bond administrator (RQ-0786-GA)

Dear Mr. Barrera:

You ask whether a county bail bond board may impose a fee on bonding companies to pay for the cost of employing a bail bond administrator under section 1704.101 of the Occupations Code or any other statute.[1]

By way of background, we note that a bail bond board is statutorily mandated in a county of 110,000 persons or more and is permitted in other counties. TEX. OCC. CODE ANN. §§ 1704.051, .052 (Vernon 2004). The composition of a bail bond board is regulated by statute. *See id.* § 1704.053 (Vernon Supp. 2008). Under the terms of section 1704.101, Occupations Code, a bail bond board is required, *inter alia*, to:

> (1) exercise powers incidental or necessary to the administration of this chapter;
>
> (2) deposit fees collected under this chapter in the general fund of the county;
>
> (3) supervise and regulate each phase of the bonding business in the county;
>
> (4) adopt and post rules necessary to implement this chapter;
>
> [and]
>
> (8) employ persons necessary to assist in board functions[.]

*Id.* § 1704.101(1)–(4), (8) (Vernon 2004).

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

A recent decision of the Texas Supreme Court considered the authority of a bail bond board to promulgate rules regarding the solicitation of customers. The court found that, because a board must "'exercise powers incidental or necessary to the administration of'" chapter 1704, and "'supervise and regulate each phase of the bonding business,'" the power to regulate solicitation is within the board's power. *Pruett v. Harris County Bail Bond Bd.*, 249 S.W.3d 447, 452–55 (Tex. 2008) (quoting subsections 1704.101(1), (3)). Despite its authority to adopt rules, however, a board "may adopt only such rules as are authorized by and consistent with its statutory authority." *Id.* at 452. Such authority "may be either expressly conferred by statute or implied from other powers and duties given or imposed by statute." *Id.*

No provision of chapter 1704, or any other statute we have found, expressly authorizes a board to assess a fee to recover the costs of employing a bail bond administrator. Nor do we believe that such authority may be implied from a board's power to adopt rules or to "employ persons necessary to assist in board functions." TEX. OCC. CODE ANN. § 1704.101(8) (Vernon 2004).[2] Moreover, a court will generally not imply authority to impose a fee, and as such, a public entity other than a home-rule city may not charge a fee unless that fee is specifically authorized by law. *See* Tex. Att'y Gen. Op. Nos. GA-0544 (2007) at 4 (a court strictly construes a statute imposing a fee and will not imply authority to impose a fee) (citing *Moore v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946)); GA-0085 (2003) at 2 (commissioners court must have specific statutory authority to impose a fee), DM-22 (1991) at 1 (public entity other than home-rule city may charge fee only when specifically authorized by law, and not by implication); *accord* Tex. Att'y Gen. Op. Nos. JM-345 (1985) at 3, H-647 (1975) at 2, WW-1482 (1962) at 3.[3]

Based upon the preceding authority, we conclude that a county bail bond board may not impose a fee on bonding companies to pay for the costs of employing a bail bond administrator.[4]

---

[2]A county bail bond board has some express authority to impose fees. *See, e.g.*, TEX. OCC. CODE ANN. §§ 1704.154(b)(4)(D) (Vernon 2004) (authorizing payment of a $500 filing fee to accompany an application for licensure as a bail bondsman); 1704.162(c) (authorizing payment of a $500 filing fee for license renewal).

[3]It is also instructive that this office previously determined that the Webb County Bail Bond Board was not statutorily authorized to charge a $15 fee on each executed bail bond to pay the salary of a clerk to manage and keep bond records. *See* Tex. Att'y Gen. LO-90-25, at 2.

[4]Similarly, a provision of the Code of Criminal Procedure declares that "[a]n officer may not impose a cost for a service not performed or *for a service for which a cost is not expressly provided by law*." TEX. CODE CRIM. PROC. ANN. art. 103.002 (Vernon 2006) (emphasis added). This statute has been cited by the Texas Supreme Court to prohibit a county from collecting, in the absence of specific statutory authority, a pre-conviction bail bond approval fee. *See Camacho v. Samaniego*, 831 S.W.2d 804, 811–12 (Tex. 1992).

## S U M M A R Y

A county bail bond board may not impose a fee on bonding companies to pay for the cost of employing a bail bond administrator.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee